# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2304

_____

| | | |
|---|---|---|
| Claude Graves, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| Arkansas Tax Associates, Inc., | * | |
| | * | Appeal from the United States |
| Intervenor Below, | * | District Court for the |
| | * | Eastern District of Arkansas. |
| v. | * | |
| | * | [UNPUBLISHED] |
| Charles Stone, Manager, Office of | * | |
| Field Audit, in his individual and | * | |
| official capacities, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: January 14, 2002
Filed: January 17, 2002

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

After a three-day trial on remand from this Court, see Graves v. Ark. Dep't of Fin. & Admin., 229 F.3d 721 (8th Cir. 2000) (Graves I), a jury rejected plaintiff Claude Graves's claim that he had been discharged from his tax-auditor position with the Arkansas Department of Finance and Administration in retaliation for filing a

grievance and reporting illegal activity to Richard Weiss, the Director of the Department. The District Court[1] entered judgment for the sole defendant, Charles Stone, on the jury verdict.

Seeking reversal and a new trial, Graves first argues that the District Court erred in granting Stone's motion in limine to exclude evidence of the improper use of state-owned and rented vehicles occurring after Graves was discharged. We conclude that this issue lacks merit. Contrary to one of Graves's contentions, in excluding this post-discharge evidence, the District Court did not violate this Court's ruling in Graves I. Though our opinion in Graves I may mention some of this evidence, the opinion does not mandate that evidence regarding vehicle usage occurring after Graves's discharge be admitted. Graves's other contention is that the exclusion of this evidence severely prejudiced his case and therefore was an abuse of discretion. We disagree. The District Court placed no limitation at all on evidence of alleged improper vehicle use occurring during Graves's more than nine years of employment with the Department. Ample evidence was introduced that various department employees (aside from Graves) misused either state-owned vehicles or rental vehicles paid for by the state. We find that Graves has not demonstrated that he suffered "a clear and prejudicial abuse of discretion." Allen v. Entergy Corp., 193 F.3d 1010, 1015 (8th Cir. 1999) (quoting Pittman v. Frazer, 129 F.3d 983, 989 (8th Cir. 1997)).

Graves also argues that the District Court committed reversible error in instructing the jury, in response to a question by the jury, that the only defendant was Stone (sued in his individual and official capacity) and that the Department of Finance and Administration was not a defendant. The instruction was clearly correct, inasmuch as (1) the Department had been dismissed as a defendant, and (2) the Eleventh Amendment bars any suit brought in federal court by an individual against

---

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

a state or its agencies, regardless of the nature of the relief sought. See, e.g., Seminole Tribe v. Florida, 517 U.S. 44, 74 (1996); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Graves has made no showing that the Department has waived its Eleventh Amendment immunity or that Congress abrogated the state's immunity in enacting 42 U.S.C. § 1983. We reject as meritless Graves's argument that the exception defined by Ex Parte Young, 209 U.S. 123 (1908) (allowing suits for injunctive relief against state officials sued in their official capacities to be maintained), somehow makes the Department a defendant in this case. We further observe that in any event we can discern no prejudice to Graves from the court's response to this inquiry from the jury.

Additionally, we conclude, contrary to suggestions Graves may be making, that the jury otherwise was properly instructed. Having considered all of Graves's arguments and finding them unavailing, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.